IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JACKIE O. TEEL                    §
                                  §
                                  §
VS.                               §    CIVIL NO.4:12-CV-599-Y(BJ)
                                  §
                                  §
CITY OF ARLINGTON                 §

FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

In this case, plaintiff Jackie O. Teel has filed another new civil case, now accompanied by a motion for leave to proceed *in forma pauperis* on appeal. Resolution of the motion was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b). The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This case is a new civil action.

B. PARTIES

Jackie O. Teel is the plaintiff. The defendant is listed as the City of Arlington.

C. LEGAL ANALYSIS

This civil action was initiated by the filing of a civil complaint by former Texas Department of Criminal Justice ("TDCJ") inmate Jackie O. Teel.  Teel, now listing an address in Azle, Texas, acknowledged in response to Court inquiry that he is the

same individual who was previously sanctioned and barred from proceeding in forma pauperis while he was incarcerated. In this regard, see the April 12, 2000, Order attached hereto from *Teel v. Brockenbush, et al.* No.99-21058. That order notes that Teel had previously been found, on at least three prior occasions while incarcerated, to have brought actions that were dismissed as frivolous or for failure to state a claim upon which relief may be granted. In spite of this history, earlier this year, Teel filed another case, *Teel v. Astrue,* No. 4:12-CV-151-A, in which the undersigned, unaware of Teel's frivolous suit filing history, granted a motion to proceed in forma pauperis. But the Court later determined that Teel included claims against defendants Simintoz and Collins that were dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief could be granted. Now Teel has filed another new civil suit, and although he is not now incarcerated, the claims, in part, arise from complaints related to his incarceration back in 2009. (Compl. at 3.) Thus, in light of Teel's history of being barred from filing suits in forma pauperis while incarcerated, the fact that after being permitted to proceed in forma pauperis in a subsequent action only to have the case dismissed under § 1915(e)(2)(B), and the fact that this case involves in part, claims arising while Teel was incarcerated, the undersigned finds that Teel has abused the privilege to proceed in forma pauperis. The application/motion to proceed in forma pauperis

in this case should therefore be denied, and the undersigned will make such a recommendation.

RECOMMENDATION

It is therefore RECOMMENDED that plaintiff Jackie O. Teel's September 7, 2012 motion/application to proceed in forma pauperis [docket no. 5] be DENIED by the district judge.

It is further RECOMMENDED that the district judge inform plaintiff Teel that his complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b), unless Plaintiff pays to the clerk of Court the full filing fee of $350.00 within ten (10) days after the district judge's order.

NOTICE OF RIGHT TO OBJECT TO PROPOSED<br>FINDINGS, CONCLUSIONS AND RECOMMENDATION<br>AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 1, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate

3

judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

ORDER

Under 28 U.S.C. § 636, it is ORDERED that Plaintiffs are granted until October __1__, 2012 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge, be and is hereby, returned to the docket of the United States District Judge.

SIGNED September __12__, 2012.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

4

No. 99-21058
-1-

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-21058
Conference Calendar

_____

JACKIE O. TEEL,

Plaintiff-Appellant,

versus

OFFICER BROCKENBUSH; OFFICER SCHRODER;
LIEUTENANT BAXTER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-1638
--------------------
April 12, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Jackie O. Teel (TDCJ # 611088) is BARRED from proceeding in forma pauperis (IFP) under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), because, on at least three prior occasions while incarcerated, Teel has brought an action or appeal in a court of the United States that was dismissed as

_____

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 99-21058
-2-

frivolous or for failure to state a claim upon which relief could
be granted.  See Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir.
1996); Teel v. Collins, No. 97-20165 (5th Cir. Sept. 19,
1997)(strike one); Teel v. Parker County, Nos. 95-10222 &
95-10466 (5th Cir. Dec. 19, 1995)(strikes two and three).

    Accordingly, Teel's IFP status is DECERTIFIED, and he may
not proceed IFP in any civil action or appeal filed while he is
in prison unless he is under imminent danger of serious physical
injury.  See § 1915(g).  The appeal is DISMISSED.

    Teel has 15 days from the date of this opinion to pay the
full appellate filing fee of $105 to the clerk of the district
court, should he wish to reinstate his appeal.

    IFP DECERTIFIED; APPEAL DISMISSED.